UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ANYELIZA SANTANA,

                          Plaintiff,                    CIVIL ACTION NO.

          -against-                         COMPLAINT

PUNY CORP d/b/a PERFUMES UNLIMITED OF NEW
YORK INC and AMOLAK KHANCHANDANI,

                          Defendants.
------------------------------------------------------------------------X

       Plaintiff Anyeliza Santana ("Plaintiff"), complaining of the defendants, PUNY Corp d/b/a Perfumes Unlimited of New York Inc ("Perfumes Unlimited") and Amolak Khanchandani (collectively, "Defendants"), respectfully alleges as follows:

## I. Nature of Action, Jurisdiction, and Venue

       1.      This is an action seeking equitable and legal relief for Defendants' violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. ("FLSA") and the New York Labor Law §§ 190 *et seq.* and 650 *et seq.* ("NYLL").

       2.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action arising under the FLSA.

       3.      This Court has supplemental jurisdiction over the claims arising under New York state law pursuant to 28 U.S.C. § 1367, in that the New York state law claims are so closely related to Plaintiff's federal claims as to form the same case or controversy under Article III of the United States Constitution.

       4.      Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and

Defendants conduct business through its employees, including Plaintiff, within this judicial district.

## II. Parties

5. Plaintiff is an individual residing in the State of New York.

6. Defendant Perfumes Unlimited is a domestic corporation with its principal place of business located at 31 West 31st Street, Store B, New York, New York 10001.

7. Perfumes Unlimited sells wholesale and retail designer fragrances and cosmetics.

8. Defendant Khanchandani is an individual residing, upon information and belief, in the State of New York.

9. At all relevant times, Khanchandani was, and still is, an officer, director, shareholder and/or person in control of Perfumes Unlimited who exercises significant control over the company's operations and has the authority to hire, fire, and discipline employees, set employees' work schedules and conditions of employment, determine the rate and method of payment for employees, and maintain employment records.

10. At all relevant times, Defendants were responsible for setting Plaintiff's schedule and day-to-day activities, and for supervising her performance.

11. At all relevant times, Defendants had the power to discipline and terminate Plaintiff.

12. At all relevant times, Defendants were responsible for compensating Plaintiff.

13. Defendants are joint employers who jointly managed, supervised, hired, fired, and controlled Plaintiff's compensation, and are jointly and severally liable in this matter.

14. Defendants are covered employers within the meaning of the FLSA and NYLL and, at all relevant times, employed Plaintiff.

15. At all relevant times, Plaintiff was a covered employee within the meaning of the FLSA and NYLL.

16. Upon information and belief, at all relevant times, Defendants' gross revenues were in excess of $500,000.00 per year.

17. Defendants operate in interstate commerce.

18. Defendants are subject to suit under the statutes alleged above.

### III. Factual Allegations

19. Plaintiff worked for Defendants as a salesperson from in or around 2003 until on or around August 22, 2019.

20. As a salesperson, Plaintiff's primary job duties included greeting patrons, offering products and promotions, ringing up customers at the register, and processing invoices.

21. From the beginning of her employment until in or around December 2016, Plaintiff worked Mondays through Fridays, from approximately 10:00 a.m. until approximately 7:00 p.m., for a total of approximately forty-five (45) hours worked per week.

22. From in or around January 2017 until the end of her employment, Plaintiff worked Mondays through Fridays, from approximately 10:00 a.m. until approximately 6:00 p.m., for a total of approximately forty (40) hours worked per week.

23. Throughout her employment, Plaintiff was not afforded any meal or rest breaks during her shifts, and ate any meals while working.

24. Throughout her employment, Plaintiff was paid a fixed weekly rate, regardless of the number of hours she worked each week.

25. From the start of her employment until in or around December 2015, Plaintiff was compensated at a fixed rate of $350.00 per week for all hours worked, regardless of the number of hours she worked per week.

26. From in or January 2016 until in or around February 2019, Plaintiff was compensated at a fixed rate of $375.00 per week for all hours worked, regardless of the number of hours she worked per week.

27. From in or around March 2019 until the end of her employment, Plaintiff was compensated at a fixed rate of $400.00 per week for all hours worked, regardless of the number of hours she worked per week.

28. While employed with Defendants, Plaintiff was a non-exempt employee pursuant to the FLSA and the NYLL, and was entitled to receive at least the minimum wage for all hours worked and overtime compensation for all hours worked in excess of forty (40) per week.

29. However, Plaintiff was not paid at least the minimum wage for all hours worked, and despite routinely working more than forty (40) hours per week, Defendants failed to pay Plaintiff overtime compensation of one and one-half (1.5) times her regular rate of pay or the applicable minimum wage rate, whichever is greater, for the hours she worked in excess of forty (40) per week.

30. Defendants also failed to furnish to Plaintiff, at the time she was hired or at any time thereafter, a notice containing her rate of pay, the designated payday, or other information required by NYLL § 195(1).

31. In addition, Plaintiff did not receive, with each wage payment, statements listing her regular and overtime rates of pay, the number of regular and overtime hours worked, gross wages, deductions, and anything otherwise required by NYLL § 195(3).

32. Defendants violated federal and state law by willfully failing to pay Plaintiff the statutory minimum wages for all hours worked; failing to compensate Plaintiff with overtime wages for all hours worked in excess of forty (40) per week; and failing to provide Plaintiff with the required wage statements and payroll notices in violation of NYLL §§ 195(1) and (3).

**AS AND FOR A FIRST CAUSE OF ACTION**
(Overtime Violations Under the FLSA)

33. Plaintiff repeats and realleges all prior allegations set forth above.

34. Pursuant to the applicable provisions of the FLSA, Plaintiff was entitled to receive overtime compensation of one and one-half (1.5) times her regular hourly rate of pay or the statutory minimum wage, whichever is greater, for all hours worked in excess of forty (40) hours per week.

35. Plaintiff regularly worked in excess of forty (40) hours per week during her employment with Defendants.

36. Throughout the relevant time period, Defendants knowingly failed to pay Plaintiff overtime wages of one and one-half (1.5) times her regular hourly rate of pay or the statutory minimum wage, whichever is greater, for each hour worked in excess of forty (40) hours in a workweek.

37. As a result of Defendants' violations of the law and failure to pay Plaintiff the required overtime wages, Plaintiff has been damaged and is entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

38. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff is entitled to liquidated damages.

39.     Judgment should be entered in favor of Plaintiff and against Defendants on the First Cause of Action in the amount of her unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR A SECOND CAUSE OF ACTION
(Overtime Violations Under the NYLL)

40.     Plaintiff repeats and realleges all prior allegations set forth above.

41.     Pursuant to the applicable provisions of the NYLL, Plaintiff was entitled to overtime compensation of one and one-half (1.5) times her regular hourly rate of pay or the statutory minimum wage, whichever is greater, for all hours worked in excess of forty (40) hours per week.

42.     Plaintiff regularly worked in excess of forty (40) hours per week during her employment with Defendants.

43.     Throughout the relevant time period, Defendants knowingly failed to pay Plaintiff overtime wages of one and one-half (1.5) times her regular hourly rate of pay or the statutory minimum wage, whichever is greater, for each hour worked in excess of forty (40) hours in a week.

44.     As a result of Defendants' violations of the law and failure to pay Plaintiff the required overtime wages, Plaintiff has been damaged and is entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

45.     As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff is entitled to liquidated damages.

46.     Judgment should be entered in favor of Plaintiff and against Defendants on the Second Cause of Action in the amount of her unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR A THIRD CAUSE OF ACTION
(Minimum Wage Violations Under the NYLL)

47.     Plaintiff repeats and realleges all prior allegations.

48.     Pursuant to the applicable provisions of the NYLL, Plaintiff was entitled to the statutory minimum wages for all of the hours she worked.

49.     Throughout the relevant time period, Defendants knowingly failed to pay Plaintiff the statutory minimum wages for all of the hours she worked.

50.     As a result of Defendants' violations of the law and failure to pay Plaintiff the required minimum wages, Plaintiff has been damaged and is entitled to recover from Defendants all minimum wages due, along with all reasonable attorneys' fees, interest, and costs.

51.     As Defendants did not have a good faith basis to believe that their failure to pay minimum wages was in compliance with the law, Plaintiff is entitled to liquidated damages.

52.     Judgment should be entered in favor of Plaintiff and against Defendants on the Third Cause of Action in the amount of her unpaid minimum wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Failure to Timely Pay Wages Under the NYLL)

53.     Plaintiff repeats and realleges all prior allegations.

54.     Pursuant to the provisions of NYLL § 191(1)(a)(i), Plaintiff was entitled to be paid her earned wages weekly and not later than seven (7) calendar days after the end of the week in which the wages were earned.

55.     Throughout the relevant time period, Defendants routinely failed to pay Plaintiff all of her earned wages in accordance with the agreed-upon terms of employment.

56. Throughout the relevant time period, Defendants failed to timely pay Plaintiff all of her earned wages on a weekly basis and not later than seven (7) calendar days after the end of the week in which the wages were earned.

57. Throughout the relevant time period, Defendants failed to pay Plaintiff all minimum and overtime wages earned by Plaintiff, in violation of NYLL § 191(1)(a)(i).

58. As a result of Defendants' violations of the law and failure to pay Plaintiff in accordance with NYLL § 191(1)(a)(i), Plaintiff has been damaged and is entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs.

59. As Defendants did not have a good faith basis to believe that their failure to pay wages was in compliance with the law, Plaintiff is entitled to liquidated damages.

60. Judgment should be entered in favor of Plaintiff and against Defendants on the Fourth Cause of Action for all wages due, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A FIFTH CAUSE OF ACTION**
(Failure to Provide Payroll Notices Under the NYLL)

61. Plaintiff repeats and realleges all prior allegations.

62. Defendants failed to furnish to Plaintiff, at her time of hire or at any time thereafter, notices containing her rate or rates of pay and basis thereof; allowances, if any, claimed as part of the minimum wage; her regular pay day designated by the employer; and other information required by NYLL § 195(1).

63. As Defendants failed to provide Plaintiff with payroll notices as required by NYLL § 195(1), Plaintiff is entitled to liquidated damages in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

64. Judgment should be entered in favor of Plaintiff and against Defendants on the Fifth Cause of Action in the amount of $5,000.00, along with attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR A SIXTH CAUSE OF ACTION
(Failure to Provide Wage Statements Under the NYLL)

65. Plaintiff repeats and realleges all prior allegations.

66. Throughout the relevant time period, Defendants failed to furnish to Plaintiff, with each wage payment, a statement listing: her regular and overtime rates of pay and basis thereof; the number of regular and overtime hours she worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of NYLL § 195(3).

67. As Defendants failed to provide Plaintiff with wage statements as required by NYLL § 195(3), Plaintiff is entitled to liquidated damages in the amount of $250.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

68. Judgment should be entered in favor of Plaintiff and against Defendants on the Sixth Cause of Action in the amount of $5,000.00, along with attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

WHEREFORE Plaintiff prays for relief as follows:

a) on the First Cause of Action for all overtime wages due, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

b) on the Second Cause of Action for all overtime wages due, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

c) on the Third Cause of Action for all minimum wages due, liquidated damages; and reasonable attorneys' fees in an amount to be determined by this Court;

d) on the Fourth Cause of Action for all wages due, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

e) on the Fifth Cause of Action for liquidated damages in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with reasonable attorneys' fees in an amount to be determined by this Court;

f) on the Sixth Cause of Action for liquidated damages in the amount of $250.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00, along with reasonable attorney's fees in an amount to be determined by this Court;

g) Interest;

h) Costs and disbursements; and

i) Such other and further relief as the Court deems just and proper.

Dated: New York, New York
February 21, 2020

>                                         /s/ Nicola Ciliotta____
>                                         Nicola Ciliotta
>                                         Katz Melinger PLLC
>                                         280 Madison Avenue, Suite 600
>                                         New York, New York 10016
>                                         Telephone: (212) 460-0047
>                                         Facsimile: (212) 428-6811
>                                         nciliotta@katzmelinger.com
>                                         *Attorneys for Plaintiff*