EXHIBIT 1

**SETTLEMENT AGREEMENT AND RELEASE**

This Settlement Agreement and Release ("Agreement") is hereby entered into by and between plaintiff Anyeliza Santana ("Plaintiff"), on the one hand, and defendants PUNY Corp d/b/a Perfumes Unlimited of New York Inc ("Perfumes Unlimited") and Amolak Khanchandani, on the other hand (collectively, "Defendants" and, collectively with Plaintiff, the "Parties").

**WHEREAS,** on February 21, 2020, Plaintiff initiated legal action against Defendants in the United States District Court for the Southern District of New York, entitled *Santana v. PUNY Corp et al.* [Case No. 1:20-cv-01578-AJN], in which Plaintiff alleged violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") (the "Litigation");

**WHEREAS,** Defendants expressly deny any wrongdoing related to the allegations in the Litigation, including any violations of the FLSA and NYLL;

**WHEREAS,** the Parties have agreed that it is in their mutual interest to avoid further costs of litigation, to resolve fully and finally all of their disputes asserted in the Litigation, upon the terms and conditions more fully set forth herein;

**WHEREAS,** Plaintiff and her counsel analyzed and evaluated the merits of the claims made against Defendants in the Litigation, and based upon their analysis and evaluation of a number of factors, and recognizing the substantial risks of litigation, including the possibility that the Litigation, if not settled now, might not result in any recovery or might result in a recovery less favorable, and that any recovery would not occur for several years, Plaintiff and her counsel are satisfied that the terms and conditions of this Agreement are fair, reasonable, and adequate.

**NOW THEREFORE,** in consideration of the mutual promises and covenants contained herein, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1. **No Admission of Liability**. The Parties agree that neither this Agreement nor the

1

furnishing of the consideration for this Agreement shall in any way be construed as an admission by Defendants of any liability or any act of wrongdoing whatsoever against Plaintiff. Rather, this Agreement constitutes the good faith settlement and release of disputed claims, and it is acknowledged and agreed by the Parties that this Agreement is being entered into to avoid the further burden, expense, delay and uncertainty of litigation.

2. **Dismissal of Litigation**. The Parties agree that, upon executing the Agreement, the Parties, through their attorneys, shall execute a Stipulation of Discontinuance, with prejudice, of the Litigation, with each party bearing its own fees and costs, in the form annexed hereto as **Exhibit A**. The Parties agree that Defendants' counsel will hold the Stipulation of Discontinuance in escrow and will not file the Stipulation of Discontinuance with the Court unless and until the Court issues an Order approving the Agreement in its entirety, at which time Defendants' counsel may file the Stipulation of Discontinuance with the United States District Court, Southern District of New York, without further notice.

3. **Settlement Payment**. In exchange for the promises set forth herein, Defendants agree that they will deliver to Plaintiff's counsel the sum of Fifteen Thousand Dollars and No Cents ($15,000.00) (the "Settlement Payment") within ten (10) business days after the Court issues an Order approving this Agreement. The Settlement Payment will be paid and characterized as follows:

   i. One check in the amount of Four Thousand Eight Hundred Sixteen Dollars and Thirty-Three Cents ($4,816.33), less required payroll deductions and other applicable withholdings, as full and complete satisfaction for any

      alleged unpaid compensation sought against Defendants, payable to "Anyeliza Santana" and documented on an IRS Form W-2;

  ii. One check in the amount of Four Thousand Eight Hundred Sixteen Dollars and Thirty-Four Cents ($4,816.34), as full and complete satisfaction of all claims of alleged liquidated damages sought against Defendants, payable to "Anyeliza Santana" and documented on an IRS Form 1099; and

  iii. One payment in the amount of Five Thousand Three Hundred Sixty Seven Dollars and Thirty-Three Cents ($5,367.33), as payment of any and all attorneys' fees, costs and disbursements incurred by Plaintiff in connection with the Litigation and the negotiation and execution of this Agreement, payable to "Katz Melinger PLLC" and documented on an IRS Form 1099.

4. **Indemnification**. Plaintiff agrees to indemnify and hold Defendants harmless against any and all tax liabilities, claims, damages, and costs, including reasonable attorneys' fees that Defendants may incur as a result of Plaintiff's failure to pay any taxes on the Settlement Payment. To the extent any payment is required by this Agreement to be paid under IRS Forms W-2 with appropriate deductions and withholdings, Plaintiff shall bear no responsibility for or in connection with the failure of any of the Defendants to make any employers' contributions to payroll taxes related to such portions of the Settlement Payment.

5. **Delivery of Payments.** The portions of the Settlement Payment made payable to Plaintiff shall be delivered to Plaintiff's counsel at 280 Madison Avenue, Suite 600, New York, New York 10016. The portion of the Settlement Payment made payable to Katz Melinger PLLC shall be delivered via wire transfer pursuant to the instructions annexed hereto as

**Exhibit B**.

6. **Default, Notice, and Cure**. In the event that the Settlement Payment is not paid by the payment date set forth above, or any check fails to clear (i.e., bounces) on its respective payment date, Plaintiff's counsel shall serve a written notice ("Default Notice") upon counsel for Defendants, via email at rnovitz@cmlawfirm.com and via USPS First Class Mail addressed to Rondiene Novitz, Esq., Cruser, Mitchell, Novitz, Sanchez, Gaston & Zimet LLP, 341 Conklin Street, Farmingdale, New York 11735. Defendants shall have ten (10) business days from the date of receipt of the Default Notice to cure the default by making such payment. Upon Defendants' failure to cure a default within ten (10) business days of delivery of the Default Notice, counsel for Plaintiff may immediately file the Affidavits of Confession of Judgment annexed hereto as **Exhibit C**. Following Defendants' timely delivery of the Settlement Payment as set forth in Paragraph 3, and upon Plaintiff's counsel's confirmation that the delivered Settlement Payment has cleared (i.e., not bounced), Plaintiff's counsel shall destroy the Affidavits of Confession of Judgment.

7. **Release of Claims.** In exchange for the Settlement Payment set forth in Paragraph 3 and consistent with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), Plaintiff knowingly and voluntarily releases and forever discharges (i) all wage and hour claims against Defendants and all of their parents, affiliates, subsidiaries, officers, directors, supervisors, employees, agents, heirs, executors, administrators, assigns, beneficiaries, and representatives (collectively, the "Releasees") that have been brought, or could have been brought based on the allegations in the operative complaint in the Litigation, under the FLSA or the regulations thereunder, from the beginning of her

employment with Defendants through the Effective Date of this Agreement (as hereinafter defined); (ii) wage and hour claims against the Releasees that have been brought, or could have been brought based on the allegations in the operative complaint in the Litigation, under the NYLL and regulations thereunder, from the beginning of her employment with Defendants through the Effective Date of this Agreement; (iii) wage statement and wage notice ("notice and recordkeeping") claims against the Releasees that have been brought, or could have been brought based on the allegations in the operative complaint in the Litigation, under the NYLL and regulations thereunder, from the beginning of her employment with Defendants through the Effective Date of this Agreement; and (iv) statutory and common law claims for breach of contract, unjust enrichment and other common law claims relating to wage and hour and/or notice and recordkeeping claims against the Releasees that have been brought, or could have been brought based on the allegations in the operative complaint in the Litigation, under the NYLL and regulations thereunder, from the beginning of her employment with Defendants through the Effective Date of this Agreement.

Nothing in this Agreement shall constitute a waiver of any rights to enforce the terms of this Agreement or waiver of claims that cannot be legally waived or of claims that arise after the date this Agreement is executed.

8. **Neutral References.** Defendants agree that, in response to any reference request concerning Plaintiff, Defendants shall only provide Plaintiff's dates of employment and job title(s) from her employment with Defendants.

9. **Governing Law.** This Agreement is to be construed and governed under the laws of the State of New York, without regard to its choice of law considerations and shall bind the

Parties and their respective heirs, estates, successors, and assigns. If any provision is determined by a court of competent jurisdiction to be invalid or unenforceable, the remaining provisions shall continue in full force and effect notwithstanding. Plaintiff acknowledges that she has not previously transferred, assigned, or conveyed any right or claim released in this Agreement. Should either party initiate legal action to enforce the terms of this Agreement, the prevailing party in any such action shall be entitled to reasonable attorneys' fees and costs.

10. **Severability.** Should any part of this Agreement be declared by a court of competent jurisdiction to be illegal or invalid, the remainder of the Agreement shall remain valid and in effect, with the invalid provision deemed to conform to a valid provision most closely approximating the intent of the invalid provision, or, if such conformity is not possible, then the invalid provision shall be deemed not to be a part of the Agreement.

11. **Attorneys' Fees and Costs.** It is further agreed that each party shall bear its own costs and attorneys' fees incurred in negotiating and preparing this Agreement and in connection with the Litigation, except as otherwise specifically enumerated above.

12. **Voluntary Settlement**. The Parties hereby represent and warrant that they have entered into this Agreement of their own free will and accord. The Parties further represent and warrant that they have reviewed every term of this Agreement with counsel of their choosing; that the terms of this Agreement have been translated to each Party in his or her native language, if appropriate; and that by executing this Agreement, the Parties fully understand each term included herein and every right and obligation attributed to any Party under this Agreement.

13. **Venue**. The Parties hereto acknowledge that this Agreement is enforceable only in the

federal and state courts of New York. Plaintiff and Defendants hereby waive any pleas of improper jurisdiction or venue in the United States District Court for the Southern District of New York, and hereby specifically authorize any action brought upon the enforcement of this Agreement to be commenced or filed in the United States District Court for the Southern District of New York, or any other court or agency of proper jurisdiction in the State of New York.

14. **No Other Representations or Agreements**. The Parties acknowledge that, except as expressly set forth herein, no representations of any kind or character have been made by any other party or parties, agents, representatives, or attorneys, to induce the execution of this Agreement. This Agreement constitutes a single integrated contract expressing the entire agreement of the Parties hereto. There is no other agreement or understanding, written or oral, expressed or implied, among the Parties hereto concerning the subject matter hereof, except the agreements set forth in this Agreement.

15. **No Modification Except In Writing**. This Agreement cannot be modified or changed except by a writing, signed by the parties, with specific reference to this Agreement.

16. **Construction**. The language of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties.

17. **Execution In Counterparts.** This Agreement may be executed in counterparts by each Party and each executed Agreement, when taken together, shall constitute a complete Agreement. Facsimile, electronic, e-signed, scanned, and photocopied signatures shall be deemed originals for purposes of this Agreement.

18. **Retention of Jurisdiction.** The Parties shall jointly request that the United States District Court for the Southern District of New York retain jurisdiction over the Litigation

for purposes of enforcing the terms of this Agreement.

19. **Effective Date.** The "Effective Date" of this Agreement shall be the day Plaintiff signs it.

20. **Number.** The use of the singular form of any word herein includes the plural and vice versa.

**IN WITNESS WHEREOF**, the Parties have each executed this Agreement, signed as a sealed instrument, as of the last date written below:

**DEFENDANT PUNY CORP**

BY: _/s/ Amolak Khanchandani_
Amolak Khanchandani
Title: July 7
Dated: June __, 2020

**PLAINTIFF ANYELIZA SANTANA**

_/s/ Anyeliza Santana_
Anyeliza Santana
Dated: June 29, 2020

**DEFENDANT AMOLAK KHANCHANDANI**

_/s/ Amolak Khanchandani_
Amolak Khanchandani
Dated: June __, 2020
     July 7

[Notary seal:]
SANDI C SYTSMA
Notary Public, State of New Jersey
My Commission Expires
February 11, 2025

8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ANYELIZA SANTANA,

                              Plaintiff,

                -against-                        Case No.: 1:20-cv-01578

PUNY CORP d/b/a PERFUMES UNLIMITED OF NEW
YORK INC and AMOLAK KHANCHANDANI,

                              Defendants.
------------------------------------------------------------------------X

## STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE

**WHEREAS,** on February 21, 2020, Plaintiff filed a Complaint against Defendants asserting claims pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the New York Labor Law ("NYLL");

**WHEREAS,** the parties reached a settlement of this action and Plaintiff's claims through arms-length negotiations and have entered into a Settlement Agreement and Release, filed on the Court's docket (the "Agreement"), formally memorializing the Parties' settlement; and

**WHEREAS,** the terms of the Agreement, which are incorporated herein by reference, have been reviewed and scrutinized by the Court and are approved and considered a fair and reasonable resolution of, *inter alia*, a bona fide dispute over a provision or provisions of the FLSA and NYLL;

**WHEREAS**, the Court shall retain jurisdiction to enforce the terms of the Agreement, the dismissal is subject to Plaintiff's motion to reopen the case and/or enforce the Agreement;

**IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned counsel for the Parties, and ordered by this Court, that this action be hereby dismissed and discontinued in its entirety, with prejudice, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. A copy of the signatures on this Stipulation serve the same purposes as an

original signature.

Dated: New York, New York
      June __, 2020

KATZ MELINGER PLLC


By _____
    Nicola Ciliotta
    280 Madison Avenue, Suite 600
    New York, New York 10016
    (212) 460-0047
    nciliotta@katzmelinger.com
    *Attorneys for Plaintiff*

Dated: Farmingdale, New York
      June __, 2020

CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET LLP

By _____
    Rondiene E. Novitz
    341 Conklin Street
    Farmingdale, New York 11735
    (516) 586-8513
    rnovitz@cmlawfirm.com
    *Attorneys for Defendants*


So Ordered:

_____

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------------X
ANYELIZA SANTANA,

                                  Plaintiff,

                                                                                  Index No.:

                          -against-

PUNY CORP d/b/a PERFUMES UNLIMITED OF NEW
YORK INC and AMOLAK KHANCHANDANI,

                                  Defendants.
-----------------------------------------------------------------------X

## AFFIDAVIT OF JUDGMENT BY CONFESSION

STATE OF __New Jersey__ )
                            ) ss.:
COUNTY OF __Hudson__ )

        AMOLAK KHANCHANDANI, being duly sworn, deposes and declares, upon personal knowledge and under penalty of perjury, that the following is true and correct:

        1.        I am a principal of PUNY Corp d/b/a Perfumes Unlimited of New York Inc ("Perfumes Unlimited"), the corporate defendant in the matter of *Santana v. PUNY Corp et al.*, Civil Action No. 20-cv-01578 (AJN), which was brought in the United States District Court for the Southern District of New York (the "Litigation"). I am fully familiar with all of the facts and circumstances recited herein on personal knowledge, and I am duly authorized to make this Affidavit of Judgment by Confession on behalf of Perfumes Unlimited.

        2.        Perfumes Unlimited is a domestic corporation with its principal place of business located at 31 West 31st Street, Store B, New York, New York 10001.

        3.        In connection with the Settlement Agreement and Release filed in the Litigation (the "Agreement"), which is incorporated by reference and made a part hereof, I, on behalf of Perfumes Unlimited, hereby confess judgment and authorize that judgment be entered in

1

favor of the plaintiff, Anyeliza Santana ("Plaintiff"), and against PUNY Corp d/b/a Perfumes Unlimited of New York Inc, in the amount of Forty-Five Thousand Dollars and Zero Cents ($45,000.00).

4.    I, on behalf of Perfumes Unlimited, authorize entry of the aforementioned judgment in New York County, New York.

5.    The sums confessed pursuant to this Affidavit of Judgment by Confession are justly due and owing to Plaintiff under the following circumstances:

   a.   Plaintiff entered into the Agreement with Perfumes Unlimited to settle Plaintiff's claims brought in the Litigation, including claims for violations of the Fair Labor Standards Act and the New York Labor Law. Under the Agreement, which settled the Litigation, Perfumes Unlimited promised to pay Plaintiff the principal sum of Fifteen Thousand Dollars ($15,000.00), as set forth in Paragraph 3 of the Agreement.

   b.   Perfumes Unlimited expressly agreed to confess a judgment of Forty-Five Thousand Dollars and Zero Cents ($45,000.00), which exceeds the amount owed to Plaintiff under the Agreement, in consideration for Plaintiff's agreement to file a Stipulation of Discontinuance with Prejudice in the Litigation prior to receiving all of the monies to which Plaintiff was owed under the Agreement.

   c.   The Forty-Five Thousand Dollars and Zero Cents ($45,000.00) confessed under this Affidavit of Judgment by Confession approximates the damages to which Plaintiff would be entitled were she to prevail on all of her claims in the Litigation.

   d.   In order to secure Perfumes Unlimited's obligations under the Agreement, Perfumes Unlimited agreed to deliver this Affidavit of Judgment by Confession to counsel for Plaintiff as part of the Agreement.

6. Perfumes Unlimited waives all defenses, except actual payment, to the entry of judgment against Perfumes Unlimited in the amount of Forty-Five Thousand Dollars and Zero Cents ($45,000.00).

7. Judgment is not confessed with fraudulent intent, to protect the property of Perfumes Unlimited from creditors, or for the purpose of securing Plaintiff against a contingent liability, and is not an installment loan within the prohibition of C.P.L.R. § 3201.

8. Perfumes Unlimited consents to the personal jurisdiction of the federal and state courts of the State of New York related to this matter.

Dated: ~~June~~ July 7, 2020

PUNY Corp

By: _/s/ Amolak Khanchandani_
Amolak Khanchandani, as Principal

CORPORATE ACKNOWLEDGMENT

STATE OF New Jersey )
                    ) ss.:
COUNTY OF Hudson    )

On the 7 day of July, 2020, before me personally came **Amolak Khanchandani**, to me known, who, by me duly sworn did depose and say that deponent is a principal of PUNY Corp, which executed the foregoing Affidavit of Judgment By Confession, that he was authorized to execute the foregoing Affidavit of Judgment By Confession, and that he executed the same pursuant to such authority.

_/s/ Sandi C Sytsma_
Notary Public

SANDI C SYTSMA
Notary Public, State of New Jersey
My Commission Expires
February 11, 2025

3

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION, CIVIL PART
HUDSON COUNTY
----------------------------------------------------------------X
ANYELIZA SANTANA,

                                Plaintiff,          Index No.:

                        -against-

PUNY CORP d/b/a PERFUMES UNLIMITED OF NEW
YORK INC and AMOLAK KHANCHANDANI,

                                Defendants.
----------------------------------------------------------------X

## AFFIDAVIT OF JUDGMENT BY CONFESSION

STATE OF New Jersey )
                        ) ss.:
COUNTY OF Hudson )

      AMOLAK KHANCHANDANI, being duly sworn, deposes and declares, upon personal knowledge and under penalty of perjury, that the following is true and correct:

      9.     I am individually named as a defendant in the matter of *Santana v. PUNY Corp et al.*, Civil Action No. 20-cv-01578 (AJN), which was brought in the United States District Court for the Southern District of New York (the "Litigation"). I am fully familiar with all of the facts and circumstances recited herein on personal knowledge, and I am duly authorized to make this Affidavit of Judgment by Confession.

      10.    I reside in Hudson County at 917 Harmon Cove Tower, Secaucus, New Jersey 07094.

      11.    In connection with the Settlement Agreement and Release filed in the Litigation (the "Agreement"), which is incorporated by reference and made a part hereof, I hereby confess judgment and authorize that judgment be entered in favor of the plaintiff, Anyeliza Santana

4

("Plaintiff"), and against me, Amolak Khanchandani, in the amount of Forty-Five Thousand Dollars and Zero Cents ($45,000.00).

12. I authorize entry of the aforementioned judgment in Hudson County, New Jersey.

13. The sums confessed pursuant to this Affidavit of Judgment by Confession are justly due and owing to Plaintiff under the following circumstances:

    a. Plaintiff entered into the Agreement with me to settle Plaintiff's claims brought in the Litigation, including claims for violations of the Fair Labor Standards Act and the New York Labor Law. Under the Agreement, which settled the Litigation, I promised to pay Plaintiff the principal sum of Fifteen Thousand Dollars ($15,000.00), as set forth in Paragraph 3 of the Agreement.

    b. I expressly agreed to confess a judgment of Forty-Five Thousand Dollars and Zero Cents ($45,000.00), which exceeds the amount owed to Plaintiff under the Agreement, in consideration for Plaintiff's agreement to file a Stipulation of Discontinuance with Prejudice in the Litigation prior to receiving all of the monies to which Plaintiff was owed under the Agreement.

    c. The Forty-Five Thousand Dollars and Zero Cents ($45,000.00) confessed under this Affidavit of Judgment by Confession approximates the damages to which Plaintiff would be entitled were she to prevail on all of her claims in the Litigation.

    d. In order to secure my obligations under the Agreement, I agreed to deliver this Affidavit of Judgment by Confession to counsel for Plaintiff as part of the Agreement.

14. I waive all defenses, except actual payment, to the entry of judgment against me in the amount of Forty-Five Thousand Dollars and Zero Cents ($45,000.00).

15. Judgment is not confessed with fraudulent intent, to protect my property from creditors.

16. I consent to the personal jurisdiction of the federal and state courts of the State of New Jersey related to this matter.

Dated: June 7, 2020

*Amolak Khanchadani*
Amolak Khanchandani

ACKNOWLEDGMENT

STATE OF New Jersey )
                    ) ss.:
COUNTY OF Hudson   )

On the 7 day of July, 2020, before me personally came **Amolak Khanchandani**, to me known, who, by me duly sworn did depose that he executed the foregoing Affidavit of Personal Judgment by Confession.

*[signature]*
Notary Public

SANDI C SYTSMA
Notary Public, State of New Jersey
My Commission Expires
February 11, 2025

6